IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CML METALS CORP. and PIC RAILROAD, INC. d/b/a CML RAILROAD, INC., <br><br>       Plaintiffs and <br>       Counterclaim <br>       Defendants, <br><br> v. <br><br> FIRST UNION RAIL CORP., HELM-PACIFIC LEASING, and HELM FINANCIAL CORP., <br><br>       Defendants and <br>       Counterclaim Plaintiffs. | **MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE AND DISMISSING AS MOOT DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Case No. 2:15-cv-00152-JNP-DBP <br><br> District Judge Jill N. Parrish |
| ALONG WITH RELATED CLAIMS. | |

## BACKGROUND

On February 27, 2017, this court issued an Order to Show Cause, (Docket No. 102), which required Plaintiffs/Counterclaim Defendants CML Metals Corp. and PIC Railroad, Inc. (collectively, "CML") to explain to the court why they had not responded to Defendant/Counterclaim Plaintiff First Union Rail Corp.'s ("First Union") Motion for Judgment on the Pleadings filed on July 20, 2016, (Docket No. 79). The court indicated that, absent some showing of good reason for the neglect, Plaintiffs' complaint would be dismissed without prejudice as a sanction.

CML responded the next day, reiterating that they had made a general assignment of assets (including this lawsuit) for the benefit of creditors to Guidepoint ("the Assignee") in Utah State court. (Docket No. 103). CML explained that this assignment extinguished any legal or

financial interest they had in their complaint and indicated that they would not oppose a dismissal without prejudice.

Counterclaim Defendants Gilbert Development and Black Iron, LLC (collectively, "Black Iron") soon responded to the Order, urging that, in light of the assignment of their interest in the lawsuit, CML was not the proper party in interest and should not be allowed to respond to the Order. (Docket No. 104). Black Iron also suggested that the Assignee be somehow joined in the proceedings as the proper party in interest.

First Union also responded, (Docket No. 105), objecting to any dismissal of CML's complaint without prejudice and requesting that the court dismiss the complaint *with* prejudice either for failure to prosecute or as a matter of law as articulated in its Motion for Judgment on the Pleadings, (Docket No. 79).

## DISCUSSION

As indicated in its previous Order to Show Cause, this court is not inclined to grant First Union's Motion for Judgment on the Pleadings on the merits without the benefit of adversarial briefing. First Union's response does not assuage the court's concerns regarding the effect that an on-the-merits resolution here would have on related claims (both within this case and in pending and future cases). The potential for disruption of related proceedings is unwarranted and unnecessary in this instance. Moreover, while First Union's Motion is facially credible, the court is not convinced it could fully withstand an evaluation on the merits.

The court believes that a sanction for failure to prosecute is appropriate in this case. *See* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal); *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule 41(b) has long been interpreted to permit courts to dismiss actions sua sponte for plaintiff's failure to prosecute." (internal alterations and quotations

omitted)); *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly

has discretion to sanction a party for failing to prosecute or defend a case . . . [and] [s]uch

sanctions may include dismissing the party's case . . . ."). The court acknowledges, as Black Iron

has suggested, that CML is likely not the proper party in interest here and is therefore not the

appropriate target of either the Order or any resulting sanction. But even if the Assignee is the

proper party in interest here, the sanction of dismissal for failure to prosecute is still appropriate.

The Assignee is ostensibly aware of this lawsuit as it is listed among the assets in the general

assignment filed with the state court. (Docket No. 104, at 23). Thus, the Assignee has had ample

notice and opportunity to take over prosecution of CML's complaint or to take affirmative steps

to join the proceedings but has failed to do so. And, even if the Assignee is somehow justifiably

unaware of the status of this lawsuit, dismissal here will be without prejudice, allowing for

pursuit of the claims at a later date. Since dismissal here is without prejudice, this court need not

evaluate any additional factors. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158,

1162 (10th Cir. 2007) (explaining that an order of dismissal without prejudice may be entered

"without attention to any particular procedures"); *AdvantEdge Bus. Grp. v. Thomas E.*

*Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (applying that standard to a

dismissal for failure to prosecute).

<b>CONCLUSION</b>

For the foregoing reasons, the court **ORDERS** the following:

1) Plaintiffs/Counterclaim Defendants CML Metals Corp. and PIC Railroad, Inc.'s Third
   Amended Complaint (Docket No. 65) is **DISMISSED** without prejudice.

2) Defendant/Counterclaim Plaintiff First Union's Motion for Judgment on the
   Pleadings (Docket No. 79) is **DENIED** as moot.

Signed this 20th day of March, 2017.

BY THE COURT

Jill N. Parrish
United States District Court Judge